IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                   CR No. 21CR895

JOHN WESLEY COOK,

      Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Defendant John Wesley Cook's Motion for Immediate Release, that he brings under the First Step Act, 18 U.S.C. Section 3582(c)(1)(A)(i) and "tied to the CARES Act" (Doc. 43), filed May 30, 2023.  The United States timely filed a response to Mr. Cook's Motion on June 6, 2023.  (Doc. 44).  Mr. Cook then filed his Reply on June 23, 2023, (Doc. 45).

In his Motion, Mr. Cook requests compassionate release under 18 U.S.C. § 3583(c)(1)(A), asserting his underlying medical conditions place him at a high risk of serious complications from COVID-19, (Doc. 43) at 7-9, the conditions in FCI Texarkana promote infectious spread within the facility, *id.*, at 7-8, and that his personal life is in "a state of disarray" because of his family's financial needs as well as the declining health of his father and sister-in-law. He requests immediate release or, alternatively, placement into home status for the duration of his sentence. *Id.* at 10.

The United States opposes Mr. Cook's motion, asserting this Court does not have jurisdiction because Mr. Cook failed to exhaust his administrative remedies. (Doc. 44). Specifically, the United States asserts that while Mr. Cook attaches an official form BP-A0148 Inmate Request to Staff dated April 10, 2023, directed to "Salmonson Warden" requesting

release under compassionate release, (Doc. 43, at 15), it lacks any indicia that he properly submitted the form as required for review.  After careful review of the record, including said form, and the applicable law, the Court agrees and therefor denies Mr. Cook's Motion without prejudice for failure to exhaust his administrative remedies.

I.      *Background*

On December 3, 2021, Mr. Cook pled guilty to an Information charging Count 1, violation of 21 U.S.C. § 846(a)(1) and 21 U.S.C. § 841(b)(1)(B), distribution of 5 grams and more of methamphetamine and Count 2, violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C). (Doc. 35).  Ultimately, on August 2, 2022, Mr. Cook was sentenced pursuant to a plea agreement, (Doc. 27) and stipulated sentence of 87 months under Federal Rule of Criminal Procedure 11(c)(1)(C).  Currently, he is incarcerated at FCI Texarkana, Texas, and the date of his expected release is August 27, 2027. (Doc. 44-1).

II.  *Discussion*

Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons (BOP) could seek compassionate release under 18 U.S.C. § 3582(c).  The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) with the intent of "increasing the use and transparency of compassionate release."  Pub. L. No. 115-391, 132 Stat. 5194, at 5239.  Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility …."  18 U.S.C. § 3582(c)(1)(A).

To effectively exhaust under Section 3582, a petitioner must make an initial request for compassionate release under 28 C.F.R. § 571.61 and appeal a denial pursuant to § 571.63.  *See* 18 U.S.C. § 3582(c)(1)(A); *see also* 28 C.F.R. § 571.60-571.64 (Procedures for the Implementation of 18 U.S.C. § 3582(c)(1)(A)).  Specifically, after an initial denial by the warden, a petitioner "may appeal … through the Administrative Remedy Procedure," set forth in 28 C.F.R. § 542(B).  28 C.F.R. § 571.63(a).  Only after the petitioner's request is denied by the General Counsel or the Director of the BOP, does the denial "constitute[] a final administrative decision."  28 C.F.R. § 571.63(b)-(c); *see also* 28 C.F.R. § 542.15(a) (explaining appeal first heard by Regional Director and then General Counsel).

Alternatively, if thirty days lapse from receipt of the request by the warden of the facility where the petitioner is incarcerated with no response, a district court is empowered to consider the petitioner's Section 3582(c)(1)(A) motion.  18 U.S.C. § 3582(c)(1)(A).  This is the jurisdictional trail Mr. Cook purports to have trekked on his way to enter this Court.

District courts in the Tenth Circuit require *either* no response from the warden within thirty days of filing the initial request *or* full administrative exhaustion—including, internal administrative appeals of the warden's decision.  *See United States v. Norwood*, 2020 WL 4914652, at *2 (W.D. Okla.) (collecting cases); *United States v. Fulton*, 2020 WL 2836994, at *2 (D. Kan); *United States v. Candelaria*, 2020 WL 5076246, at *2 (D. N.M.) (explaining that "language of § 3582(c)(1)(A) plainly contemplates an appeal").  Specifically, "[w]hile § 3582(c)(1)(A) permits the sentencing court to consider a defendant's motion if 30 days have lapsed since the facility warden's receipt of a request, courts … have interpreted the language of the statute to allow consideration of the motion only if the warden has failed to act within the 30 days of receipt of a defendant's request." *Norwood*, 2020 WL 4914652, at *2.  Indeed, "the

filing of a request with a warden only 'initiates' the administrative remedies process."
*Candelaria*, 2020 WL 5076246, at *2 (citing *United States v. Springer*, 2020 WL 3989451, at *3
(10th Cir.)).

Mr. Cook states he requested compassionate release from the Warden at FCI Texarkana
on April 10, 2023, and that thirty days later the Warden had not responded. Thus, he contends,
he has complied with Section 3582 and, has thereby exhausted his administrative remedies. This
Court disagrees.

The result of this Court's examination of Mr. Cook's Inmate Request Form is consistent
with that of the United States. Specifically, while its clear Mr. Cook completed the request form,
there is no clear evidence he in fact properly submitted it for the Warden's consideration.
Moreover, the Inmate Request Form makes no mention of COVID-19, (Doc. 43) at 15. Here,
this Court is not satisfied that the Warden failed to act simply because it appears the Warden
never actually had the opportunity to act. In other words, there is no evidence before this Court
that the administrative process actually initiated. In his Reply, (Doc. 45), Mr. Cook maintains he
submitted the form on April 10, 2023. If that is true, and it may be true, he must supply the
Court with sufficient evidence that he in fact did so.

For now, having no jurisdiction of the matter, this Court denies Mr. Cook's motion for
compassionate release without addressing the merits. The motion is denied without prejudice to
his refiling with sufficient evidence he exhausted his administrative remedies. And if he does
refile with a sufficient evidence that he has satisfied the jurisdictional requisite, the Court may
decide Mr. Cook's request for compassionate release on the merits.

This Court's conclusion here is consistent with its prior rulings, specifically opining that
the statute's exhaustion requirements are jurisdictional. *See e.g.*, *United States v. Llantada*, 2020

WL 5204283, at *2 (D.N.M.) (Gonzales, J.) (concluding that "Court lacks jurisdiction" to consider motion "unless and until the prisoner has exhausted all administrative remedies"); *United States v. Leavy*, CR No. 20-305 KG, Doc. 34, at *4-5 (D.N.M.) (Gonzales, J.) (explaining that "exhaustion is a jurisdictional prerequisite which neither the United States nor [petitioner] can waive"); *United States v. Little*, 2020 WL 2736944, at *2 (D.N.M.) (Gonzales, J.) (finding that "Congress clearly wanted these applications decided at the administrative level if possible").

*III.  Conclusion*

For the foregoing reasons, the Court concludes that Mr. Cook's Motion is procedurally defective because he failed to fully exhaust his administrative remedies.  Accordingly, the Court denies Mr. Cook's Motion on procedural grounds.

IT IS THEREFORE ORDERED that Mr. Cook's Motion for Compassionate Release Pursuant to 18 U.S.C. Section 3582(c)(1), (Doc. 43), is denied without prejudice.

_____
UNITED STATES DISTRICT JUDGE